UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL LUCIEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11386** |
| **S.W. "SANDY" McCAIN, WARDEN** | **SECTION: "F"(1)** |

## REPORT AND RECOMMENDATION

Petitioner, Michael Lucien, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE** as untimely.

On April 19, 2016, petitioner entered guilty pleas and was sentenced in the Orleans Parish Criminal District Court, as follows:

In case number 523-563, he pleaded guilty to two counts of aggravated assault with a firearm and one count of simple assault.  He was sentenced to ten years imprisonment on each of the two counts of aggravated assault and to ninety days imprisonment on the simple assault conviction.[1]

In case number 528-445, he pleaded guilty to distribution of heroin, possession with intent to distribute heroin, resisting an officer, and obstruction of justice.  He was sentenced to twenty-five years imprisonment on each the distribution of heroin conviction and the possession with

---

[1] State Rec., Vol. 1 of 6, minute entry dated April 19, 2016; State Rec., Vol. 1 of 6, guilty plea form.

intent to distribute heroin conviction, to six months imprisonment on the conviction for resisting an officer, and to twenty years imprisonment on the obstruction of justice conviction.[2]

Lastly, in case number 528-551, he pleaded guilty to conspiracy to commit the crime of simple escape and was sentenced to a term of two years six months imprisonment.[3]

It was ordered that the foregoing sentences be served concurrently.

On April 1, 2018, petitioner filed an "Application for a Writ of Habeas Corpus," a "Memorandum in Support [of] Habeas Corpus Relief," and a "Request [for] Production of Documents" with the state district court.[4] The court construed the habeas corpus application as a timely post-conviction application, and the court denied both post-conviction relief and the request for production of documents on July 18, 2018.[5] Petitioner's related writ applications were then likewise denied by both the Louisiana Fourth Circuit Court of Appeal on September 6, 2018,[6] and the Louisiana Supreme Court on May 28, 2019.[7]

---

[2] State Rec., Vol. 2 of 6, minute entry dated April 19, 2016; State Rec., Vol. 2 of 6, guilty plea forms. The state court record reflects that, on that same date, petitioner also pleaded guilty to being a second offender and was resentenced as such with respect to one of those convictions, but the record has conflicting information as to precisely which one. Nevertheless, this federal court need not resolve that inconsistency because, in any event, petitioner's federal application is untimely for the reasons explained *infra*.

[3] State Rec., Vol. 3 of 6, minute entry dated April 19, 2016; State Rec., Vol. 3 of 6, guilty plea form.

[4] State Rec., Vol. 4 of 6. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to petitioner's *pro se* filings in the instant case, the Court will simply use the signature date of the applications as the filing date, in that the applications were obviously placed in the mail no earlier than the date they were signed.

[5] State Rec., Vol. 4 of 6, rulings dated July 18, 2018.

[6] State v. Lucien, No. 2018-K-0695 (La. App. 4th Cir. Sept. 6, 2018); State Rec., Vol. 4 of 6.

[7] State v. Lucien, 273 So. 3d 1206 (La. 2019); State Rec., Vol. 6 of 6.

On June 24, 2019, petitioner filed the instant federal application seeking habeas corpus relief.[8] The state filed a response arguing that petitioner's application is untimely,[9] and petitioner filed a reply to the state's response.[10] The application is indeed untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is generally required to bring his § 2254 claims within one (1) year of the date on which his underlying state criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A).[11] With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *However, if the defendant stops the appeal process before that point ... the conviction becomes final when the time for seeking further direct review in the state court expires.*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added; citations, quotation marks, and brackets omitted).

Here, petitioner pleaded guilty and was sentenced on April 19, 2016. Because he did not file a direct appeal within the thirty days allowed by state law,[12] his state criminal judgments therefore became final no later than May 19, 2016. Accordingly, his period in which to file his

---

[8] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his application was placed in the prison mailing system on June 24, 2019. Rec. Doc. 1, p. 8.
[9] Rec. Doc. 15.
[10] Rec. Doc. 17.
[11] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.
[12] Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

federal application for habeas corpus relief commenced on that date and then expired one year later on May 19, 2017, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts at any time during the applicable one-year period ending on May 19, 2017. Therefore, he clearly is not entitled to statutory tolling.[13]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Indeed, "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

---

[13] Although petitioner subsequently filed his state application for a writ of habeas corpus in 2018, pleadings filed after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

In his reply to the state's response in this federal proceeding, petitioner appears to argue that such an "extraordinary circumstance" exists in the instant case, namely that his counsel failed to advise him concerning the possibility of filing an appeal. However, this Court need not determine whether counsel's purported ineffectiveness in that respect constituted an "extraordinary circumstance," because, in any event, that circumstance did not *"prevent"* petitioner from seeking federal relief in a timely manner. "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, *a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.*" Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). In the instant case, any purported failure by counsel to advise petitioner concerning the possibility of filing a *direct appeal* in *state* court in no way hindered petitioner's ability to file a *habeas corpus application* in *federal* court on or before the statute of limitations expired on May 19, 2017. Furthermore, a prisoner's *pro se* status, lack of legal training, and mere ignorance of the law do not constitute rare and exceptional circumstances warranting equitable tolling. See, e.g., Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); accord Gonzales v. Wilkinson, 269 F. App'x 481, 486 (5th Cir. 2008).

In light of the foregoing, and because petitioner has brought forth no evidence demonstrating that equitable tolling is warranted on any *other* basis, he has not met his burden of proof to establish that he is entitled to equitable tolling of the statute of limitations.

Lastly, the Court notes that a petitioner can overcome the AEDPA's statute of limitations by making a convincing claim of "actual innocence" under McQuiggin v. Perkins, 569 U.S. 383 (2013). In Perkins, the United States Supreme Court stated:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 386 (citations, quotation marks, and brackets omitted). Here, petitioner has not invoked Perkins. Moreover, in any event, he has not claimed in his federal application that he is actually innocent, much less presented any new evidence in support of such a claim.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the Perkins "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than **May 19, 2017**, in order to be timely. Because his federal application was not filed until **June 24, 2019**, it should be dismissed as untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application seeking federal habeas corpus relief filed by Michael Lucien be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this __9th__ day of March, 2020.

>                              *Janis Van Meerveld*
>                              _____
>                              **JANIS VAN MEERVELD**
>                              **UNITED STATES MAGISTRATE JUDGE**

---

[14] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.